866 F.2d 431
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mary LYKES, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 88-1316.
 United States Court of Appeals, Sixth Circuit.
 Jan. 18, 1989.
 
 Before MERRITT, BOYCE F. MARTIN, Jr. and NATHANIEL R. JONES, Circuit Judges.
 PER CURIAM.
 
 
 1
 The plaintiff-appellant appeals from the district court's order affirming the Secretary's denial of social security disability benefits. For the reasons which follow, we affirm the district court's decision.
 
 I.
 
 2
 The plaintiff-appellant, Mary Lykes, is a fifty-year old woman and a high school graduate. At the time of the administrative hearing in this case, she stood 5 feet 1/2 inches tall and weighed 245 pounds. Her past relevant work was as an assembly worker at an automobile manufacturing plant.
 
 
 3
 On March 31, 1983 Lykes filed the instant application for disability benefits with the Social Security Administration (SSA). In her application, Lykes claimed to be disabled due to arthritis in both knees, vascular cephalgia (severe headaches), carpal tunnel syndrome affecting the right upper extremity, hypertension, obesity, chronic obstructive lung disease, and lower back pain. Lykes's application was denied by the SSA upon initial consideration and reconsideration, after which time she requested a hearing before an Administrative Law Judge (ALJ). In April of 1984, the ALJ denied Lykes's application for benefits, finding that she had the residual functional capacity to perform a full range of sedentary work, reduced by mild to moderate impairment of her right upper extremity. However, the Appeals Council granted Lykes's request for review and subsequently ruled that the ALJ's decision was not supported by substantial evidence because the record was unclear as to whether Lykes possessed good use of her hands and fingers. The Appeals Council thus vacated the hearing decision and remanded the case with instructions for the ALJ to obtain a consultative neurological examination and a medical assessment of Lykes's ability to do work-related activities. Id. at 448.
 
 
 4
 Lykes attempted to schedule a neurological examination, but was unable to do so before the scheduled hearing date of April 18, 1985. However, Lykes's treating physician submitted an additional medical report along with a physical capacities evaluation. In addition, new clinical evidence was submitted to the ALJ. Believing that the record thus supplemented provided sufficient medical evidence to decide the case, the ALJ proceeded without the consultative neurological examination, and rendered a decision awarding benefits to Lykes on May 1, 1985.
 
 
 5
 In June of 1985, however, the Appeals Council again vacated the ALJ's decision and remanded for a neurological examination. In February of 1986, the neurological examination finally was performed by Dr. Choon Soo Rim. Thereafter, in April of 1986, the ALJ rendered his decision denying Lykes's application for benefits. The ALJ found that Lykes's combined medical problems constituted severe impairments (though not listed ones), and that she could not perform her past work because of her inability to stand for prolonged periods. However, the ALJ determined that none of Lykes's impairments precluded her from performing a full range of sedentary work. In particular, while acknowledging that "several examiners indicated limitations of the right hand," the ALJ found that the objective medical evidence showed "no reason why the claimant should suffer from significant restrictive use of her right hand." J.App. at 25-26. Further, while noting that Lykes's pulmonary function tests closely approached the listing of impairments, id. at 23, the ALJ found that sedentary work would not cause her to experience significant shortness of breath. Id. at 27. Similarly, although Lykes very nearly met the listing of impairments for obesity, the ALJ found that her weight "would not preclude the performance of sedentary work, even considered with [the other] impairments." Id. at 28. The ALJ further found that Lykes's complaints of lower back pain were not supported by objective medical evidence, id. at 26-27, and that her diagnosed anxiety disorder would not "significantly compromise her ability to perform a full range of simple, repetitive, unskilled sedentary employment." Id. at 27-28. Thus, the ALJ found that Lykes possessed the residual functional capacity to perform a full range of sedentary work, uncompromised by exertional or nonexertional impairments. On August 27, 1986, the Appeals Council approved the ALJ's decision, thus making that ruling that Secretary's final decision.
 
 
 6
 Lykes timely filed an action in the district court seeking review of the Secretary's decision. After the parties filed cross-motions for summary judgment, the case was referred to a magistrate for a report and recommendation. Although the magistrate filed a report recommending that the Secretary's decision be reversed, United States District Judge Patrick J. Duggan rejected that report and entered an order granting the Secretary's motion. Lykes then filed this timely appeal in which she urges this court to reverse the Secretary's decision.
 
 II.
 
 7
 It is well settled that when substantial evidence of record supports the Secretary's decision to deny disability benefits, the Secretary's decision must be upheld. Richardson v. Perales, 402 U.S. 389 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. at 401. The fact that the record may also contain substantial evidence to support a conclusion different than that reached by the Secretary, or that the reviewing court may have decided the case differently, is irrelevant. Crisp v. Secretary of Health and Human Services, 790 F.2d 450, 453 N. 4 (6th Cir.1986) (per curiam).
 
 
 8
 The sole question before this court is whether substantial evidence supports the Secretary's finding that Lykes possesses the residual functional capacity to perform sedentary work. The Secretary's regulations define sedentary work as follows:
 
 
 9
 Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.
 
 
 10
 20 C.F.R. Sec. 404.1567(a) (1988). The SSA has ruled that "occasional" walking and standing, within the meaning of Sec. 404.1567(a), means "occurring from very little up to one-third of the time." SSR 83-10 (West 1988). In addition, the SSA has ruled that sedentary work requires "good use of the hands and fingers for repetitive hand-finger actions." Id.
 
 
 11
 Upon reviewing the record in this case, and particularly in view of Dr. Rim's February 1986 neurological report, we conclude that substantial evidence supports the Secretary's determination that Lykes has the residual functional capacity to perform a full range of sedentary work. Although Lykes's obesity and her pulmonary impairment closely approach the listings of impairments, we believe that the Secretary reasonably concluded that these conditions would not preclude Lykes from performing sedentary work. Further, since Lykes is able to ambulate with a walker and since Dr. Rim found no definite evidence of carpal tunnel syndrome, there exists substantial evidence to support the Secretary's conclusion that these conditions were not disabling. Finally, Lykes presented no objective medical evidence showing that her lower back pain and anxiety disorder were so severe as to prevent her from performing sedentary work. In sum, while this is a close case, we find that substantial record evidence supports the Secretary's determination that despite her impairments, Lykes has the residual functional capacity to perform a full range of sedentary work.
 
 III.
 
 12
 For the foregoing reasons, we hereby AFFIRM the district court's order. Judge Jones would reverse the Secretary's decision and award benefits.